*Lexington Furniture Indus., Inc. v. Lexington Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand twenty-three.**

PRESENT:
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> **STEVEN J. MENASHI,**
> > *Circuit Judges.*

---

Lexington Furniture Industries, Inc.,

> *Plaintiff-Appellee*,

> v.                                                      22-2993

The Lexington Company, AB,

> *Defendant-Appellant.*[*]

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | AMANDA L. DEFORD, (Lucy Jewett Wheatley, Jonathan Y. Ellis, *on the brief*), McGuireWoods LLP, Richmond, VA & Raleigh, NC. |
| **FOR DEFENDANT-APPELLANT:** | JARED I. KAGAN, Debevoise & Plimpton LLP, New York, NY, (Timothy D. |

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Pecsenye, Blank Rome LLP, Philadelphia, PA, *on the briefs*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lexington Furniture Industries ("LFI") has trademark registrations for "Lexington" and "Lexington Home Brands." It sells furniture and related home goods under those names, as well as under a variety of "sub-brands" associated with its various product lines. The Lexington Company ("LCC") is an international company that sells clothing and home textiles. LCC was founded in Sweden in 1997 and acquired a preexisting trademark for "Lexington" registered in Sweden.

LCC first entered the U.S. market in 2012. In 2004, LCC attempted to register its "Flag Logo" mark, which features the word "Lexington," with the U.S. Patent and Trademark Office ("USPTO"). Litigation ensued, and the USPTO canceled LCC's mark on the ground that it was likely to be confused with LFI's senior marks. LCC appealed to the Federal Circuit, but in 2012, while the appeal remained pending, the parties entered into a settlement agreement under which LCC was allowed to use the mark, subject to certain conditions. LFI alleges that "LCC almost immediately began to flout the Agreement." Respondent's Br. at 17. After LCC ignored two cease-and-desist letters, LFI sued.

At trial, the jury returned a verdict for LFI. It awarded LFI nominal damages on its breach of contract claim, disgorgement of profits under the Lanham Act, and punitive damages under New York unfair-competition law. After trial, LCC filed two motions: one for judgment as a

2

matter of law under Rule 50 and another to alter or amend the judgment under Rule 59(e). The district court denied both motions. LCC now appeals, advancing several grounds raised in its Rule 59(e) motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a motion to amend the judgment under Rule 59(e) for abuse of discretion. *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008). We review de novo a district court's decision on a Rule 50 motion for judgment as a matter of law.[1] *Jones v. Treubig*, 963 F.3d 214, 223 (2d Cir. 2020). In this context, "we must consider the evidence in the light most favorable to the party against whom the motion was made and give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Id.* at 224. A district court may grant judgment as a matter of law only if it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party." Fed. R. Civ. P. 50. We affirm the denial of a Rule 50 motion "unless there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Ashley v. City of New York*, 992 F.3d 128, 138-39 (2d Cir. 2021) (internal quotation marks and brackets omitted) (quoting *SEC v. Ginder*, 752 F.3d 569, 574 (2d Cir. 2014)). The movant's burden is "particularly heavy" where,

---

[1] LCC originally raised its claims in a Rule 59(e) motion to alter or amend the judgment, but it appears that its arguments that there was insufficient evidence to support a finding of infringement, to include pre-2017 in-store sales in the disgorgement award, and to award punitive damages should instead have been advanced under Rule 50. When a party seeks relief pursuant to Rule 59(e) that is "substantively identical to judgment as a matter of law under Rule 50," we apply our rubric for reviewing the denial of a Rule 50 motion. *See ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96-97 (2d Cir. 2014).

as here, the "jury has deliberated in the case and actually returned its verdict." *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005).

**I.     Disgorgement**

      A.     <u>Disgorgement as a Jury Question</u>

LCC argues that disgorgement is an equitable question that cannot be decided by a jury. It is true that the question of whether disgorgement is warranted by the equities of the case is ordinarily left to the court,[2] with the jury deciding only whether infringement occurred. *See, e.g., Romag Fasteners, Inc. v. Fossil, Inc.*, No. 10-CV-1827, 2021 WL 1700695 at *1 (D. Conn. Apr. 29, 2021); *4 Pillar Dynasty LLC v. New York & Co.*, 257 F. Supp. 3d 611, 622 (S.D.N.Y. 2017), *amended and superseded on other grounds by* 2017 WL 3738442 (S.D.N.Y. Aug. 9, 2017). But disgorgement can also be submitted to the jury by consent of the parties. Fed. R. Civ. P. 39(c)(2). Consent for this purpose need not be express. "[W]here a party requests a jury determination of an issue requiring no special competence or authority belonging solely to the court, and the other party or parties fail to object, such silence may be deemed 'consent' under Rule 39(c)." *Broadnax v. City of New Haven*, 415 F.3d 265, 272 (2d Cir. 2005). LCC not only failed to object, on multiple occasions, to trying the issue to a jury, but it also submitted its *own* proposed jury instructions and verdict sheets that submitted the issue to the jury.[3] LCC thus waived any rights it had to a bench trial on the question of disgorgement.

---

[2] Indeed, the question whether disgorgement is warranted under the Lanham Act ordinarily should be left to the court. *See George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532 (2d Cir. 1992). *George Basch* lays out a nonexhaustive list of equitable factors that weigh on whether disgorgement is warranted in any particular case. *Id.* at 1540. The balancing of these factors is properly assigned to the district court, rather than to the jury, because that best comports with the Lanham Act's command that any award be made "subject to the principles of equity" and "according to the circumstances of the case." 15 U.S.C. § 1117.

[3] LCC might also be understood to argue that, even if it consented to put disgorgement to the jury,

**B.**    Sufficiency of the Evidence for Pre-2017 Profits

LCC also argues that there was insufficient evidence for the jury to award disgorgement of profits from pre-2017 sales at LCC's brick-and-mortar stores. But LCC has forfeited this argument, and we decline to exercise our discretion to consider it. *See Conte v. Emmons*, 895 F.3d 168, 175 n.1 (2d Cir. 2018) (dissenting op.). LCC chose to argue to the district court that the evidence was insufficient to support *any* finding of infringement prior to 2017. Mem. of Law in Supp. of Def's Mot. to Alter or Amend J. at 9, *Lexington Furniture Indus., Inc. v. Lexington Co.*, No. 1:19-cv-06239 (S.D.N.Y. Oct 24, 2022) (ECF No. 242) ("LCC's profits earned during such years cannot reasonably be included in the damages calculation."). But the argument is without merit in any case. In finding that LFI was entitled to pre-2017 profits, the district court pointed to testimony that "LCC began operating brick and mortar stores in the U.S. in 2012, and that those stores sold home textiles that contained the infringing marks." Special App'x at 16. This was sufficient evidence for the jury to conclude that LCC infringed LFI's trademarks at its brick-and-mortar stores prior to 2017.

**II.    Punitive Damages**

Finally, LCC argues that the jury should not have been permitted to award punitive damages under New York law absent an explicit finding of actual damages. But LCC has again

---

the district court was nevertheless required to weigh the *Basch* factors when ruling on post-trial motions. But argument fails too. LCC never asked the district court to instruct the jury on the *Basch* factors or to reserve the balancing of the *Basch* factors to itself; it never mentioned the *Basch* factors until its post-trial motion. LCC thus failed to preserve for appeal any argument based on the *Basch* factors. *See Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration."); *see also ING Glob.*, 757 F.3d at 97 (holding that, absent "unusually egregious circumstances," a party cannot raise an argument for the first time in a Rule 59(e) motion if it failed to raise it in objection to the jury instructions or a pre-verdict motion for judgment as a matter of law).

5

waived, or at least forfeited, the issue, and we decline to address it on appeal. At trial, LCC failed to object when the court indicated that it believed that a finding for LFI on the Lanham Act claim would necessarily be a finding for LFI on the common-law unfair competition claim as well and that the jury could then award punitive damages on the common-law claim. App'x at 376.[4] The court explicitly prompted LCC for its thoughts on the interplay between the Lanham Act and New York unfair competition claims, but LCC nevertheless stayed silent on this important issue. *Id.* We decline to address that issue for the first time on appeal.[5]

\* \* \*

We have considered all of LCC's remaining arguments and find them to be without merit.[6] For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] THE COURT: [D]o you agree, from the defense standpoint, that if the federal trademark infringement claim is established, that the New York unfair competition claim is established as well?

[LCC'S COUNSEL]: Yes, we do, your Honor.

THE COURT: Okay. All right. So it would seem to me, based on what I have here, that it would be appropriate for me to tell the jury that if they find the federal trademark claim established, that the state unfair competition [claim] . . . is established, and on those claims they may consider the issue of punitive damages.

App'x at 376. LCC's counsel asked a question of the court moments later, to confirm that LFI had dropped its trademark dilution claim, but never objected to the court's statement on punitive damages.

[5] To the extent that LCC's contends that the jury lacked sufficient evidence to find that LCC's conduct warranted an award of punitive damages, that claim is also forfeited. LCC failed to advance that argument in either of its post-trial motions below, and we decline to consider it now.

[6] In its briefing, Appellant also challenged the jury's finding of infringement. But it withdrew that challenge at oral argument. We thus do not address this claim here.